**622**

## UNITED STATES of America

v.

## Pedro DECLET, a/k/a "Jose Sanchez" a/k/a "Sonny", a/k/a "Pete", Defendant.

### No. 77 Cr. 138.

United States District Court,
S. D. New York.

June 2, 1977.

Robert B. Fiske, Jr., U. S. Atty., New York City, Peter N. Duhamel, Asst. U. S. Atty., of counsel, for the Government.

John Curley, Legal Aid Society, New York City, for defendant.

### MEMORANDUM

IRVING BEN COOPER, District Judge.

The adoption of the Speedy Trial Act, Title 18 U.S.C. §§ 3161–3174, and local Speedy Trial Rules promulgated thereun-der, has compelled this Court to initiate affirmative steps to accomplish that goal, always observing the imperative that justice be done. See e. g., *U. S. A. v. Didier*, 542 F.2d 1182 (2d Cir. 1976); *U. S. A. v. Yagid*, 528 F.2d 962 (2d Cir. 1976); *U. S. A. v. Roemer*, 514 F.2d 1377 (2d Cir. 1975); *U. S. A. v. Drummond*, 511 F.2d 1049 (2d Cir. 1975); *U. S. A. v. Lasker*, 481 F.2d 229 (2d Cir. 1973), *cert. denied*, 415 U.S. 975, 94 S.Ct. 1560, 39 L.Ed.2d 871 (1974). The Second Circuit has warned:

> district courts and government attorneys of their present responsibility to keep abreast of developments in cases to which they are assigned. Measures must be taken . . . to flag the time requirements in all criminal cases. Failure to do so . . . will not be treated lightly. . . . *U. S. A. v. Roemer, supra*, at 1382.

Although the instant case is not one in which speedy justice is presently threatened, we are acting at this juncture to ensure that the objective of the Act is furthered by affording this defendant a trial without any further undue delay. Toward that end, and for the reasons which appear below, we have decided to appoint new counsel and set a trial date forthwith. 18 U.S.C. § 3006A(c).

A complaint was filed against this defendant, along with co-defendant Torruella, on January 31, 1977 at which time Legal Aid was assigned by the Magistrate pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. Declet was remanded in lieu of $2,500 cash or surety bond. On February 1, 1977, defendant applied for and was granted a modification of bail; he was released on a $5,000 personal recognizance bond.

Indictment 77 Cr. 138 was filed on February 18, 1977, naming Declet and Torruella in two counts with conspiracy to violate the Federal Narcotics Laws and a substantive violation thereof, in violation of 21 U.S.C. §§ 846, 812, 841(a)(1) and 841(b)(1)(A). The defendant was arraigned on March 3, 1977 and continued under the same bail conditions; the case was assigned to us pursuant to Rule 7(B), *Rules for the Administration*

*of the Civil and Criminal Calendars Under the Individual Assignment System, United States District Court for the Southern District of New York.*

On March 30, 1977, we contacted the Government (Assistant U.S. Attorney Peter N. Duhamel) to arrange a pre-trial conference in this matter; we were told at that time that there were discussions between the Government and defense counsel for both defendants looking to a guilty plea by each, and that the Government would report back to the Court at a later time.

Assistant U.S. Attorney Duhamel called Chambers on April 19, 1977 to advise that there was a "substantial likelihood" of a disposition by guilty plea in the cases of both defendants; Mr. Duhamel had previously informed us on April 5, 1977 that defense counsel Curley had advised him that Declet would in all probability plead guilty. With this information, we scheduled the change of pleas for April 20, 1977.

On that day, the cases against both Declet and Torruella were called and we were prepared for a change of plea, having been so informed previously. Co-defendant Torruella, by his attorney, advised the Court of his desire to plead guilty.[1] Within minutes, as Mr. Curley was preparing to address the Court to indicate his client's intention to plead guilty, Declet tugged at counsel's sleeve. At that point, Mr. Curley asked for a short recess which we readily granted. Within a couple of minutes, Mr. Curley announced, "Mr. Declet desires to proceed to trial." Consequently, we informed counsel that a trial date would be set shortly.

We fixed May 17, 1977 at 1 p. m. for trial of this defendant and so notified both sides by letter of May 4. On May 10, we received Mr. Curley's letter requesting an adjournment of the trial date as he was notified on May 6 by Judge Duffy that a trial involving one of his clients (and several other defendants, some of whom were incarcerated) would commence on May 17. Judge Duffy confirmed this to us personally.

Later that day, we contacted Mr. Curley to ascertain whether another Legal Aid attorney could represent Declet. Counsel responded in the negative. Accordingly, we granted counsel's request for an adjournment so that he could try the case before Judge Duffy prior to the instant case. At that time, we were informed by counsel that the case before Judge Duffy would take approximately four weeks.

On May 18, we received word from Pretrial Services Officer Barbara S. Cole that Declet was arrested on May 14, 1977 for the Criminal Possession of a Controlled Substance in the 7th degree (class A misdemeanor) and was detained at the Correctional Institute for Men at Rikers Island; a hearing was scheduled for the latter part of May (we have received no report on the disposition of that matter).

We were informed on May 26 by the Government that the case before Judge Duffy would last another three weeks, very possibly longer. Of course, this estimate does not account for the many uncertainties which routinely attend a criminal trial involving several defendants. With this information, we have decided to appoint new counsel and proceed with the trial forthwith.

Title 18 U.S.C. § 3006A, the Criminal Justice Act, provides for the duration and substitution of counsel under the Act: "The Court may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings." 18 U.S.C. § 3006A(c). There are essentially three reasons why the interests of justice are best served by the substitution of counsel in this case. First, there is the uncertainty as to when counsel will be available to try this matter since the length of Judge Duffy's trial depends upon many variables which are difficult to gauge with any degree of accuracy at this time. We note that already three months have passed since the arraignment of the defendant. Under the

---

1. We accepted his guilty plea to count two; defendant was sentenced on May 18, 1977 to four years pursuant to 18 U.S.C. § 4205(b)(2).

Speedy Trial Rules of this Court, adopted pursuant to 18 U.S.C. §§ 3161–3174, trial must commence within 180 days of arraignment. See Rule 5(a).

Secondly, the Court's own calendar calls for our attention to other matters, both civil and criminal, as well as matters which may soon arise involving the rights of still other defendants (a senior judge, our present calendar is well over one hundred matters, civil and criminal). We simply can not be held up for this long a time awaiting a lawyer who may be on trial for another month.

Finally, and most important, the rights of society in general and this defendant in particular demand speedy justice. We note what our Circuit said recently on this score: "Defendants are not the only parties who have an interest in speedy justice; the public interest is at least as great." *U. S. A. v. Didier, supra,* at 1188; see also, *Hilbert v. Dooling,* 476 F.2d 355, 357–58 (2d Cir. 1973) (en banc). In reporting favorably upon the new Speedy Trial Act, the House Committee on the Judiciary emphasized the importance of the public interest:

> The Committee believes that the right to a speedy trial belongs not only to the defendant but to society as well. A defendant who is charged with a violation of the law becomes a burden to society in the sense that his status consumes the time and energy of all components of the criminal justice system with which he comes in contact: the police, magistrate, clerks of court, probation officers, judges and others. *U. S. A. v. Didier, supra,* at 1188, n. 7, citing U.S.Code Cong. & Admin.News, 93rd Cong., 2d Sess. 1974, p. 7408.

For the foregoing reasons, we feel the interests of justice are best served by the appointment of new counsel from the same panel of attorneys. We are determined to set an early trial date. Both will be accomplished forthwith. 18 U.S.C. § 3006A(c).

SO ORDERED.